NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUDY AROLDO MONTERROSO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-600

Agency No.
A071-569-981

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2023**
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

Rudy Aroldo Monterroso (Monterroso), a native and citizen of Guatemala,

petitions for review of a decision from the Board of Immigration Appeals (BIA)

denying his motion to reopen immigration proceedings.  Monterroso contends that

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

changed country conditions entitle him to relief under the Convention Against Torture (CAT). "We review the denial of a motion to reopen for an abuse of discretion and reverse only if the BIA's decision was arbitrary, irrational, or contrary to law." *Silva v. Garland*, 993 F.3d 705, 717–18 (9th Cir. 2021) (citation and internal quotation marks omitted). We generally have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of a motion to reopen, but we have no jurisdiction to review a decision whether to *sua sponte* grant relief, except for "legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) (citation omitted).

1.      The BIA did not abuse its discretion when concluding that Monterroso failed to demonstrate changed country conditions that would excuse the untimeliness of his motion to reopen.[1] *See* 8 C.F.R. § 1003.2(c)(3)(ii). Monterroso bore the burden of "produc[ing] evidence that conditions have changed in [Guatemala]" since his removal hearing in 2012. *Silva*, 993 F.3d at 718. The documents submitted by Monterroso do not meet his burden.

Monterroso argued that he is more likely than not to be tortured in Guatemala because of his tattoos and former gang affiliation. But the article Monterroso included with his motion to reopen primarily discusses conditions in El Salvador rather than Guatemala. Additionally, the 2016 and 2017 country reports

---

[1] Monterroso does not dispute the finding that his motion is untimely.

do not establish an increased likelihood that Monterroso or his children will be targeted by gangs, but instead, reflect a continuation of the generalized crime and corruption present in 2012. Accordingly, the evidence Monterroso proffered does not show that the circumstances have materially changed to excuse the untimely filing. *See id.*

2. Monterroso's contention that the BIA legally erred by failing to consider all relevant factors lacks merit. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016), *as amended*. Contrary to Monterroso's assertions, the BIA acknowledged the existence of Monterroso's family, expressly mentioning that Monterroso submitted "[his] children's birth certificates" and that his "children were born in 2001 and 2002." The BIA also noted that it considered Monterroso's written statement, which indicated that Monterroso had not been involved with gangs since 2000. Thus, the BIA's explanation of its decision was sufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("The BIA does not have to write an exegesis on every contention. . . .") (citation and alterations omitted).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.